PROVO STY, J.
This is a contest between three brokers over a division of the commission realized by them from the sale of certain lands for the Monroe Lumber Company. The plaintiffs D. E. Corbitt and Morris Jouvenat claim one-third each of the commission of $37,000, and the defendant O. B. Law contends that they are entitled to only one-fourth each, he being entitled to one-half.
It is not denied that all three were concerned in the transaction, and it is not claimed that there was any express agreement as to the proportion which each should have in the commission. Law testifies to a conversation with Corbitt in which it was agreed that he should get one-half, and in which he told Corbitt that they ought to have an understanding with Jouvenat about the matter; and Corbitt said:
“Jouvenat is so hot-headed that if he finds out he is not to share with us equally he will break up the deal.”
Corbitt denies that any such conversation ever took place. If it did, it would only go to show that Law knew that Jouvenat understood that the three were to share equally.
The sale was effected practically by Law alone. He made the 'contract with the Monroe Company, procured the purchaser, and did nearly all the work. It is said that, under these circumstances, he ought to have at least half of the commission, and that a strong presumption arises of the parties having so understood. Perhaps, in the absence of all contract, such might be a proper conclusion. But the contract with the Monroe Company, written by Law himself, contains the following clause:
“Whereas O. B. Law, Morris Jouvenat, and D. E. Corbitt claim to be able to sell said property, now, therefore, it is hereby agreed that if the said Law, Jouvenat, or Corbitt shall procure a purchaser for said property * * * we agree to pay said Law, Jouvenat, and Corbitt $37,000.”
This was the contract the parties worked under. Under this contract, had Corbitt and Jouvenat, or either of them, procured the purchaser and done all the work, Law would have had a perfect right to one-third of the commission, in the absence of any express agreement to the contrary.
The governing principle in such a case is the same by which, in the absence of contrary agreement, the profits of a partnership are divided equally among the partners, however unequal may be the contribution of capital or service. 30 Cyc. 451.
We conclude that the parties should share equally. This conclusion is fortified by several circumstances in the record, advertence to which is, we think, unnecessary.
A custom is attempted to be proved according to which, in a case like the present, where several brokers are interested, one or more of whom live North and one or more live South, and the purchaser is procured by the broker or brokers living North, one half of the commission goes North and the other half remains South. According to this custom, Law would take half, as he lives North and procured the purchaser. But it is not shown that this alleged custom is so prevalent or well known as to give rise to the inference that the parties to this suit must have tacitly understood that their agreement would be governed by it. In two other deals in which these same parties had been interested, and Law had in like manner procured the purchaser and incurred considerable expense, they had agreed upon a basis of 40 per cent, to Law.
*111 The judgment appealed from is affirmed in so far as it discharges the defendants E. T. Lamkin, R. Hanson, trustee, and the Monroe Lumber Company. In all other respects it is set aside; and it is now ordered, adjudged, and decreed that the sum of $6,166.67 deposited in court be paid one-third to each of Ihe plaintiffs Jouvenat and Corbitt, and one-third to the defendant Law, and that the defendant Law pay all costs.