THALHEIM v. SUHREN ET AL.

(November 30, 1931. Opinion and Decree.)

Andrew H. Thalheim, of Gretna, attorney in proper person, for plaintiff, appellee.

Deutsch & Kerrigan and Bert Flanders, Jr. of New Orleans, attorneys for defendants, appellants.

JANVIER, J. Plaintiff's Hupmobile, parked alongside the curb on the lake side of Carondelet street some 40 or 50 feet below the corner of Poydras street, was run into and damaged by a Marquette coach driven by Mrs. Lydia Suhren. Plaintiff's automobile was unattended at the time of the accident, and it is conceded that no fault of plaintiff contributed thereto. In the original petition it is alleged that the damage sustained resulted from the negligence of Mrs. Suhren, that, at the time, she was on a family mission, and therefore was acting as the agent for her husband, and that the car belonged to Suhren, Inc., a corporation. By these allegations it was sought to hold not only Mrs. Suhren as the person actually at fault, but also Mr. Suhren and Suhren, Inc.

In defendants' answer, liability was denied, and it was averred that the proximate cause of the accident was the negligence of a third person, the driver of a truck belonging to the Ringel-Wooddy Box Company, Inc., a corporation, which truck, according to the allegations of the various defendants, was driven, while the crossing light facing it was still red, into the intersection of Poydras and Carondelet streets, and directly into the path of the Marquette coach, with the result that a collision occurred which caused Mrs. Suhren to lose control of her car to such an extent that, before she could recover control over it, it crashed into the parked Hupmobile of plaintiff. When these answers were filed and plaintiff ascertained

that possibly the damage to his car had been caused by the joint negligence of Mrs. Suhren and the driver of the truck, he filed a supplemental petition in which he alleged that the Ringel-Wooddy Box Company, Inc., and the other defendants, were solidarily liable by reason of the negligence above referred to, and he caused that company to be cited to appear and answer the charges of negligence made against it.

The trial court rendered judgment in favor of plaintiff and against Mr. Suhren alone, dismissing the suit as against the other three defendants. From this judgment Suhren appealed, and, in answer to the appeal, plaintiff has asked that the judgment be amended so as to include the other defendants.

We are of the opinion that the other defendants are not properly before this court. If there is any liability in more than one defendant, that liability is solidary, since it results from the acts of joint tort-feasors. The appeal by one joint tort-feasor cannot have any effect as against other joint tort-feasors who, by the judgment in the court below, were absolved from liability. In a situation identical, so far as the pleadings are concerned, we said:

"Plaintiff did not appeal from that part of the judgment which dismissed his suit against Jahncke Service, Inc., but, in an answer to the appeal of the other defendant, Callo, plaintiff asks not only that the amount awarded below be increased, but also that the judgment dismissing his suit against Jahncke Service, Inc., be reversed.

"His answer to the appeal of Callo cannot have the effect of bringing Jahncke Service, Inc., back into the case. If plaintiff was not satisfied with the judgment as rendered, it was his right to appeal therefrom as against the other defendant. Since he did not do so, he cannot by answer to the appeal taken by Callo maintain his action against Jahncke Service, Inc.

"Nor can the defendant Callo be heard to complain of a judgment in favor of his co-defendant. Solidary liability rests on joint tort-feasors. Each, if guilty of negligence proximately contributing to an accident, is liable for the whole damage. An injured party may sue either or both and neither has any right as against the other.

" 'The liability arising from negligence constituting the offense or quasi offense is to the injured party, but creates no liability, one to the other, of those, to whom the negligence is imputed. * * * *' Louis Sincer v. Heirs of M. M. Bell, 47 La. Ann. 1548, 18 So. 755." Rumpf v. Callo, 16 La. App. 14, 132 So. 763, 764.

Whatever may have been the fault of any of the other defendants, failure of plaintiff to appeal as to them deprives us of jurisdiction so far as they are concerned, and the only matter remaining before us is the question of whether or not Mrs. Suhren, the driver of the Marquette coach, was at fault, and whether that fault contributed to and had causal connection with the damage sustained by plaintiff's Hupmobile.

On behalf of the remaining defendant it is contended that the first collision, that between the Marquette and the truck, was caused solely by the negligence of the driver of the truck, and that this collision created an emergency in which Mrs. Suhren lost control of her car to such an extent that, before she could regain control over it, it had crashed into the second car, and, if the evidence sustained this contention, of course there would be no liability. In a situation very similar to that which we find here, we held that an innocent third party could recover only from the person at fault in creating the initial dangerous situation and emergency. Middleton v. Seither, 14 La. App. 471, 131 So. 594. Of course, however, the mere fact that a collision occurred, which, conceding arguendo, was not contributed to by the fault of Mrs. Suhren, would not be of assistance

to her in relieving her of liability, for a subsequent accident occurring at sŏme time later, or at some distance farther on, if a reasonably prudent and reasonably experienced driver, even laboring under excitement and notwithstanding the first crash, could have avoided the second. Therefore, before attempting to place the blame for the first collision, we deem it expedient to determine whether that first collision had or had not any causal connection with the second. The evidence leaves no room for doubt that the first collision took place more than a hundred feet prior to the occurrence of the second, and that the speed of the car driven by Mrs. Suhren was considerably greater than that of a prudently driven automobile. Some of the witnesses fix the speed at 35 miles per hour, others as high as 40, and we have come to the conclusion that, regardless of whether or not the driver of the truck of the Ringel-Wooddy Box Company, Inc., was negligent in that he drove into the intersection in the face of a red traffic signal, Mrs. Suhren was guilty of negligence in that she operated her car at a speed greatly in excess of that permitted by law. She was therefore to some extent at fault in causing or contributing to the cause of the first collision. Then, too, even under the exciting circumstances which no doubt followed, we believe that a reasonably prudent person and a reasonably careful competent operator could have brought her car to a stop in less than 100 feet after striking the first car. Thus, regardless of who was at fault in causing the first accident, Mrs. Suhren should have stopped her car before it crashed into plaintiff's automobile.

The amount of the judgment below, $171.-65, is amply sustained by the evidence, and therefore the judgment appealed from is affirmed.