### DONNOW v. TOYE BROS. YELLOW CAB CO.*

#### No. 14846.

Court of Appeal of Louisiana. Orleans.
May 7, 1934.

John P. Sullivan and David Sessler, both of New Orleans, for appellant.

M. C. Scharff, of New Orleans, for appellee.

JANVIER, Judge.

Plaintiff, while a passenger in one of the taxicabs of defendant company, received in- juries under circumstances which, it is conceded, created liability in the said defendant. She brought this action, and judgment was rendered by the district court in her favor for $2,200. Defendant has appealed.

Plaintiff was seated on the rear seat of the taxicab when it was brought suddenly to a stop. She was thrown to the floor and struck her head against the rear of the front seat. She was taken to a hospital and given first-aid treatment.

The doctor who attended her at that time states that she had a laceration about one-half an inch long just above her right eyebrow and that one stitch, or suture, was required to draw the edges of this laceration together. He also states that there was a small brush burn on the upper portion of her nose and that he found that she was suffering from a contusion on the left knee. He estimated at the time that she would entirely recover in ten days. The next day she visited her family physician, under whose constant care she remained for about a month. He found that she had some difficulty in breathing and sent her to a specialist, who made an examination of her nose and found that there was a deviation in the nasal septum. He explained that a deviation in the nasal septum means "a crooked bone in her nose." Her family physician testified that when he first examined her he found that she was suffering from pain and contusions all over her body and that it was necessary to subject her to electric therapy treatment for a very long time.

Until about eight months prior to the accident Mrs. Donnow had been employed for about six years in the kitchen department of a restaurant and had earned an average of $15 a week, but for eight months immediately preceding the accident, had been operating a restaurant on her own account. She testified that during that period she had made never less than $35 per week. At the time of the trial she testified that she had not sufficiently recovered to permit her to again engage in business and that she had lost her earnings during that entire period which intervened between the time of the accident, October 29, 1932, and the date of the trial, November 27, 1933.

Our first impression of this case was that the amount awarded was more than was justified by the evidence, but a careful reading of the record leads us to the view that if the award is excessive it is not sufficiently so to permit us to say that the judgment is

---

*Rehearing denied June 11, 1934.

manifestly erroneous. There is no doubt whatever that the trial judge has not permitted sympathy to sway him in making the award for the reason that, in various parts of his reasons for judgment, he indicated that he carefully considered all of the testimony, and we note from his reasons that, though he considered Mrs. Donnow's testimony as greatly exaggerated, he nevertheless felt that the loss sustained had been severe. We find the following in his reasons for judgment:

"I cannot believe that this woman is injured as seriously as she thinks she is and is seeking to make me believe."

He also indicated a doubt that the injury to the nose is as serious as plaintiff would have us believe, and yet, in spite of these statements on his part, he concluded that plaintiff was entitled to $2.200.

We find it unnecessary to itemize the damage sustained by plaintiff. The doctors' bills themselves amounted to nearly $120, though only $100 is claimed in the petition. Plaintiff no doubt sustained a severe loss in earnings. We find it impossible, after a careful review of the record, to reach any other conclusion than that the award should not be disturbed.

The judgment appealed from is affirmed.

Affirmed.