This suit arises out of the same accident involved in the case of Thiaville v. Toups et al., 25 So.2d 361, and was consolidated in the lower court and here with the Thiaville case for purposes of trial.
The plaintiff, Louis Maheu, was a guest passenger in the Toups car and received serious personal injuries in the accident, for which he seeks recovery of damages. He joined, as defendants to the suit, Toups and his liability insurance carrier, Employers Liability Assurance Corporation, Ltd., Miss Thiaville and her insurer, Aetna Casualty and Surety Company. Toups and his insurance carrier denied any responsibility to Maheu for his hurts on the ground that the accident was caused by the negligence of Miss Thiaville and pleaded, alternatively, that plaintiff was guilty of contributory negligence in failing to warn Toups that his grossly negligent operation of the automobile would result in the occurrence of an accident. Miss Thiaville and her insurance carrier defended the action on the ground that the accident was attributable solely to the negligence of Toups and likewise pleaded, in the alternative, plaintiff's contributory negligence in failing to warn Toups respecting his negligent operation of the automobile.
After a trial in the lower court, there was judgment in favor of Maheu and against Toups and his insurance carrier for damages in the sum of $2,500 and Miss Thiaville and her insurer were dismissed. Toups and his insurer prosecuted this appeal from the adverse judgment and Maheu answered the appeal, praying for an increase in the award of damages to $5,000 and also for an amendment of the judgment so as to run insolido against Miss Thiaville and her insurer.
[1] It is plain, at the outset, that Miss Thiaville and her insurance carrier are not before us on this appeal as Maheu failed to take an appeal from the judgment below dismissing his suit as to them. The answer of Maheu to the appeal of Toups and his insurer cannot serve the purpose of an appeal and give this court jurisdiction insofar as Miss Thiaville and *Page 364 
her insurer are concerned. See N. O. Nelson Mfg. Co. v. Wilkerson, La. App., 152 So. 157.
[2] In view of our holding in the Thiaville case, that the accident resulted solely from Toups' negligence, the judgment in Maheu's favor against Toups and his insurer is correct unless the evidence is sufficient to sustain the contention of these defendants that Maheu was guilty of contributory negligence in failing to protest or warn Toups that the manner in which he was operating the car would likely result in an accident. The testimony on this question leaves no doubt in our minds that the defendants have failed to establish their plea. Maheu testified that he and Toups were going on a fishing trip and that he warned Toups, before he got into the automobile, to drive carefully. He further says that, just prior to the occurrence of the accident and before the fog was encountered, he was busily engaged in fixing fishing lines and hooks and was looking into the fishing box when the crash occurred. Since Toups has always maintained that he was driving carefully and that the accident occurred through Miss Thiaville's negligence, it is obvious that he finds no fault with Maheu's alleged failure to warn him against the negligent operation of the car. Hence, we hold that the case was properly decided below.
Finally, we consider the quantum of damages to which Maheu is entitled. As heretofore stated, the district judge awarded him the sum of $2,500 for his personal injuries. Defendants complain that the award should be reduced to $1,500 and plaintiff, despite the contention in his answer to the appeal that the award is inadequate, maintains, in argument and in brief, that the allowance below is in conformity with previous awards given for similar injuries.
[3] We agree with counsel for plaintiff. The record reveals that Maheu sustained serious and painful personal injuries as a result of the accident. These injuries are described by his doctor to be contusions and lacerations of the forehead; contusion under the right eye and the nose; a fracture of the nasal bone; a fracture of the seventh rib on the right side; lacerations and contusions of the knee (the wound on the left side thereof having five stitches) and general contusions and bruises of the body. It is shown that the cuts on plaintiff's face have left scars of various sizes which, while not disfiguring, are noticeable. In addition to the personal injuries, plaintiff proved that he had sustained actual damages amounting to $423, consisting of loss of wages, doctor's bill, X-ray, medicines and personal property destroyed in the accident. The following cases relied upon by plaintiff's counsel, involving injuries of a similar nature, fully authorize the award of $2,500 granted by the trial judge. Donnow v. Toye Bros. Yellow Cab Co., La. App., 154 So. 494; Jones v. Shehee Ford Wagon Harness Co., La. App., 157 So. 309; Wise v. Villere Coal Co., Inc., La. App., 11 So.2d 419; and Cali v. Cloverland Dairy Products Co., La. App.,21 So.2d 166.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.