This is an action in tort instituted by Mr. Mrs. Kinney E. Reid against the defendants, Frank Monticello and his insurance carriers, Car General Insurance Company and Hardware Indemnity Insurance Company of Minnesota.
The suit grows out of an accident which occurred on January 22, 1946 in the grocery store of the defendant Frank Monticello, situated on East Broad Street in the city of Lake Charles and in which Mrs. Reid sustained certain injuries when she tripped on a magazine wire rack and fell to the floor. The defendant Monticello is sued on certain alleged acts of negligence of his employees in having left the magazine rack protruding or extending a few inches beyond a counter at which Mrs. Reid was standing while using the telephone in the store. The insurance companies are sued directly as his liability insurance carriers under the provisions of Act 55 of 1930.
Mrs. Reid claims to have sustained a serious injury to her left shoulder and also her left knee as well as severe shock to her nervous system and bruises and contusions about the head and body. Her total demand is for the sum of $10,750 including physical and mental pain and suffering and also loss of income in the amount of $2,500. The demand of her husband is for medical expenses alleged to have been incurred and to be incurred in the future for her treatment in the sum of $500 and the sum of $1,000 for the loss of her companionship.
Various exceptions were filed by the defendants Monticello and Car General Insurance Co., particularly an exception of vagueness which was sustained and on which the plaintiffs were ordered to more clearly and specifically set out the acts of negligence on which they relied. This was done in a supplemental petition, after which exceptions of no cause or right of action were filed but overruled.
Seven months after the accident had occurred it was brought to the attention of the defendant Monticello, by a representative of Hardware Indemnity Insurance Company that that insurance company also carried a policy covering the very liability for which he was being sued in this case. By supplemental petition that company was made a party defendant and judgment was asked for against it in the same manner as against the other two defendants.
Monticello and Car General Insurance Co. filed a joint answer in which they put all the allegations of the plaintiff's petition at issue denying that there was any negligence on the part of the defendant or any of his employees and alleging, in the alternative, that if there was, the plaintiff, Mrs. *Page 762 
Reid, was herself guilty of negligence in not having looked to see if the path ahead of her after leaving the telephone was clear; in other words, in not looking to see where she was walking, which negligence it is further averred constituted contributory negligence on her part, barring recovery. Hardware Indemnity Insurance Company filed a separate answer in which it made the same defenses as the other two defendants and in addition pleaded a provision of its policy to the effect that its assured had obligated himself to give notice of an accident, as soon as practicable after it occurred, and having allowed a period of seven months to elapse before giving notice, in this instance, he had violated the terms of the policy and it could not be held liable, even though negligence be shown on his part or that of his employees.
Upon trial in the court below there was judgment in favor of the plaintiff, Mrs. Reid, in the sum of $2,500 and in favor of Mr. Reid in the sum of $281. The judgment was against the defendants Monticello and Car General Insurance Company. The other defendant was relieved of liability on the ground of delayed notice. Monticello and Car General Insurance Company have appealed and plaintiffs have answered the appeal, limiting their answer to a demand for an increase in the amount of the judgment to the sum originally prayed for.
Hardware Indemnity Insurance Co. filed a motion to dismiss the appeal as to it, based on the proposition that as between co-appellees the judgment of the trial court cannot be changed.
 On Motion to Dismiss.
[1, 2] In matters concerning the right of appeal in cases where there are co-appellees, it is a well settled proposition in our jurisprudence that the appellate court is powerless to revise, recast or amend the judgment appealed from, in so far as the co-appellees are concerned. Standard Oil Co. of New Jersey v. Perkins et al., La. App., 29 So.2d 502, Maheu v. Employers Liability Assurance Corp., Ltd., et als. La. App.,25 So.2d 363, Thalheim v. Suhren et als., 18 La. App. 46, 137 So. 874, Corbitt et als. v. Hanson et al., 124 La. 108, 49 So. 995. In this case the only appellants are the defendants, Car 
General Insurance Company and Frank Monticello. The judgment below was in favor of the plaintiffs to the extent that it awarded them both damages against these two defendants and it also was in favor of the other defendant, Hardware Indemnity Insurance Company, in as much as it rejected the demands of the plaintiffs as to it. Plaintiffs apparently are satisfied with the judgment as rendered in their favor against Monticello and Car General Insurance Company for they have not appealed nor have they answered the appeal taken by those two defendants, except to ask for an increase in the amount of the award in their favor. They also are apparently satisfied with the judgment in so far as it relieved Hardware Indemnity Insurance Company from liability for any of the damages they claimed for they have not appealed from the judgment in that respect. True it is that in their motion for appeal, Monticello and Car 
General Insurance Company complain of the judgment on both grounds, namely that it decrees liability against them and that it also relieved their codefendant of liability, yet this court is without power to entertain their complaint as to their codefendant because as between them and their codefendant, no issue was contested or controverted nor was any issue between them adjudicated by the judgment appealed from.
[3] There are several cases in which it is held that a plaintiff who had sued codefendants and obtained judgment against only one who took an appeal, could not, by answering the appeal have the judgment reviewed as to the other defendant in whose favor the judgment had rejected the demand. Thalheim v. Suhren et al., supra, is one of many cases that can be cited on that point. The only way in which a judgment can be reviewed in this respect would be for the plaintiff himself to appeal from that part of it. Here, as we have already stated, the plaintiffs who were the only parties who could have had the judgment rejecting their demand as against Hardware Indemnity Company reviewed on appeal, made no appearance whatever in this court except as appellees and the court is without right to change the judgment of the lower court as between them and Hardware Indemnity Insurance *Page 763 
Company, now their co-appellee. The motion to dismiss must prevail and as to Hardware Indemnity Insurance Company, the appeal taken by Frank Monticello and Car General Insurance Company is dismissed at their costs.
 On the Merits.
The testimony is very voluminous and we will not take time to review it all. It is necessary however that we discuss one point in particular on which counsel for defendants lay great stress. That is with reference to the witness Edward Chretien, young Negro employee in Monticello's store and from whose testimony it developed that he was the one who moved the magazine rack and left it out of its usual position.
[4] When the defendant Monticello was on the witness stand under cross-examination testimony regarding Chretien's duties and the manner in which he performed them was sought to be elicited from him, whereupon counsel objected to all evidence of that nature because there was nothing in the pleadings to indicate that he was the one who had moved or had anything at all to do with the magazine rack. The trial judge properly overruled the objection however as the allegations of the supplemental petition to the effect that Mrs. Reid suddenly stumbled upon the leg of a magazine rack which extended into the aisle of the store were sufficient to admit any and all testimony relating to the manner in which it may have come to be in that position.
It was proven by Monticello himself that among his duties Chretien had to sweep and clean up around the store. Chretien testified that on the morning of Mrs. Reid's accident, he was sweeping around that part of the store where she fell. He stated that he saw her in the store at the grocery counter and she then went to use the telephone on the counter next to where the magazine rack stood and as she was using the phone he moved the rack in order to sweep around it. At one time he said that he laid the rack down and left it there when he was called to go and bag groceries.
There is evident confusion in the Negro boy's testimony and reason to doubt that he laid the rack on the floor as he says he did. Nevertheless that part of his testimony that he was sweeping in the area of the store where Mrs. Reid was using the telephone is corroborated by the witness Lionel Landry, another of Monticello's employees who also testified that he saw Mrs. Reid walking toward the telephone and that she fell in the same path she had then walked over in going to the phone.
The evidence otherwise shows that Mrs. Reid was very familiar with the store, being a good customer and a frequent visitor. On the morning of the accident she entered the store from the north entrance on East Broad Street, took one of the baskets and rollers used for shopping and walked down one of the aisles making her selections of groceries. She gradually made her way to the counter on which the telephone rested, left her basket a few feet away and went to use the phone to inquire of her daughter if there was anything more needed from the store. In passing through the aisle to the counter where the telephone was, the path was clear. She says she was at the phone four or five minutes, facing the direction opposite from that which the magazine rack usually stood and wasn't paying attention to whether anyone was sweeping around there or not. Upon turning around and away from the counter after she had finished using the phone, she stepped into some object on the floor in her path and this caused her to fall. It does not seem to be disputed that the object she tripped over was the magazine rack, and under the facts presented, we think the trial judge properly concluded that since it did not extend or protrude in the aisle when she went to the telephone but did obstruct her path on her way back, even though the Chretien boy had not laid it on the floor as he once said he did, evidently he had moved it while sweeping under or around it and left it there when he was called away to perform some other of his duties in the store.
[5, 6] The law does not make the store-keeper an insurer of his customer's safety but it imposes upon him the duty to provide a safe place for his customers to trade with him. A safe place necessarily implies a clear aisle or passage-way through which the customer can walk in safety in pursuing *Page 764 
the course of business for which he entered the store, that is the inspection and purchasing of the goods, wares and merchandise as displayed on the shelves and counters. Ransom v. Kreeger Store et al., La. App., 158 So. 600. Mrs. Reid was on her way to resume this part of her business in the store when she tripped into the wire rack which had negligently been left in her passageway by an employee of the defendant Monticello, and for such negligence Monticello and his insurance carrier were correctly held liable.
[7] We find no merit in the plea of contributory negligence that is urged against Mrs. Reid. As we have before stated, she was a frequent visitor at the store and was familiar with that part of it where she fell as she used the telephone on almost every occasion she was there. She had just a moment before safely passed by the magazine rack in going to the telephone and had reason to anticipate the same path would be unobstructed as she left to return to do her shopping.
The trial judge awarded Mrs. Reid the sum of $1,500 for injury to her knee, $500 for shock and pain and $500 for bruises and contusions of the body. To us it appears that her most serious injury was to her left shoulder. She seems to have suffered a rather severe stretching of the nerves leading from the neck and upper thorax to the arm and has difficulty in raising her arm. There is a possibility of her remaining with a disability of from 25 to 50 per cent in her shoulder.
The injury to her knee consisted of a wound which, according to Dr. Walter Moss, seemed to have been inconsequential and which had healed when he examined her seven months after the accident. Dr. Henry Snatic was of the opinion that she may have a ruptured semi-lunar-cartilege. He however admits that he is not an orthopedist and moreover that the x-ray pictures were negative as to such injury.
[8, 9] A demand had also been made for loss of earnings in her business conducted by Mrs. Reid as a real estate agent. The trial judge did not allow her anything on that demand and we find he was correct for two reasons. First, under the law such a demand should have been presented by her husband as such earnings belong to the community and second there is no proof in the record of any such loss.
[10] We believe therefore that Mrs. Reid's damages should be restricted to her shoulder injury and the slight injury to her knee and the shock and pain she sustained by reason thereof. We think that in view of the probable disability which will remain in her shoulder, she is entitled to $1,500 for that injury and for the knee injury as well as for the shock and pain she experienced she should be awarded $500.
[11] The district judge allowed Mr. Reid the sum of $31 which was all that was proved to be due for medical services to his wife. He also allowed him the sum of $250 for loss of his wife's companionship. We find no proof to support that item. The testimony is to the effect that Mrs. Reid was up and about some four or five days after the accident attending to her usual domestic duties as well as to her business as a real estate agent. It is not shown that she ever was away from her husband more than the usual routine demanded in conducting her household duties and her business and a claim for loss of her companionship to him cannot be justified under the testimony found in the record.
On the merits therefore, the judgment will have to be amended with respect to the amounts awarded to both Mr. Mrs. Reid.
For the reasons stated, it is ordered that the judgment appealed from be amended by reducing the amount of the award to Mrs. Reid by the sum of $500 and the amount awarded to Mr. Reid by the sum of $250 and that as thus amended, it be affirmed. The costs of appeal on the merits are to be paid by the plaintiffs and all other costs by the defendants, appellants herein. *Page 765