43 So.2d 692 (1950)
HIRSCH
v.
KENDRICK et al.
No. 7420.
Court of Appeal of Louisiana, Second Circuit.
January 4, 1950.
*693 H. W. Hill, Alexandria, for appellants.
Shapiro & Shapiro, Alexandria, for appellee.
HARDY, Judge.
Plaintiff brought this suit for the recovery of damages to his automobile, physical injuries and consequent loss of income sustained as the result of a three-car automobile collision at a point on U. S. Highway 71 opposite the entrance to the United States Veterans Hospital about four miles north of the City of Alexandria in Rapides Parish. The defendants are named respectively as Mrs. Melissa Ann Kendrick and Arthur B Lafleur, who were the owners and drivers of the other vehicles involved in the collision. After trial there was judgment in favor of plaintiff and against the defendant, Mrs. Kendrick, in the sum of $579.47, and further judgment rejecting plaintiff's demands against the defendant, Lafleur. From this judgment Mrs. Kendrick has appealed. Plaintiff answered the appeal, praying for an increase in the amount of the judgment to the full sum of $929.47, the amount as originally prayed for in his petition being $932.47. Plaintiff further filed an amended and supplemental answer to the appeal in which he additionally prayed that judgment in the full sum set forth be rendered in solido against both defendants.
In this Court a motion to dismiss plaintiff's supplemental and amended answer to the appeal has been filed on behalf of defendant, Lafleur. We proceed to a discussion of the motion to dismiss.
The motion is based on the contention that inasmuch as the judgment of the District Court dismissed plaintiff's claims against the defendant, Lafleur, plaintiff cannot now be heard to complain of the judgment in this respect, and the attempt to bring the defendant, Lafleur, into the picture, on appeal, is improper, inasmuch as plaintiff's rights against Lafleur could only be asserted by an appeal from the judgment of the District Court.
The arguments above stated are unquestionably sound, and it appears that their propriety is conceded by plaintiff, who has not urged any opposition to the motion to dismiss before this Court. It is well established in this State that an answer to an appeal cannot serve the purpose of an appeal with respect to bringing into court parties against whom a plaintiff's claims have been dismissed. Thalheim v. Suhren, et al., 18 La.App. 46, 137 So. 874; Maheu v. Employers Liability Assurance Corporation, Ltd., et al., La.App., 25 So.2d 363; Reid v. Monticello, La.App., 33 So.2d 760.
*694 For the reasons stated the motion of the defendant, Lafleur, to dismiss plaintiff's supplemental and amended answer to appeal is sustained.
On the merits the facts established are that the defendant, Mrs. Kendrick, at approximately 7:00 o'clock on the morning of January 18, 1949, was driving her car out of the Veterans Hospital driveway with the intention of crossing Highway 71 and entering the drive of the nurses' home on the opposite side thereof. We think it is established by a preponderance of the testimony that Mrs. Kendrick stopped her car before attempting to negotiate the crossing of the highway. The point at which this stop was made is in dispute and is variously estimated at from four to fifteen feet from the western edge of the highway, but we think this point is immaterial to a determination of the question of negligence. Plaintiff was driving his car, with headlights burning, north on Highway 71 and the approach of plaintiff's car was observed by Mrs. Kendrick, who testified that she thought she had time to cross the highway before plaintiff reached the intersection. Meanwhile, defendant, Lafleur, was driving his car south on Highway 71 and the approach of the Lafleur car was not observed by Mrs. Kendrick, despite the fact that she had a clear and unobstructed view down the highway for a distance of several hundred feet to the north. Mrs. Kendrick proceeded in low gear at a speed of four to five miles an hour, according to her estimate, across the highway and, as her car was at or about the center thereof, the rear of the vehicle was struck by the Lafleur car, the force of the impact being sufficient to turn the Kendrick car almost completely around and propel it upon the concrete apron leading from the highway into the nurses' home driveway. The Lafleur car, out of control, proceeded across the highway and crashed into the front of plaintiff's car, inflicting the damages which are sought to be recovered in this suit.
It is definitely established that plaintiff was without fault and that the proximate cause of the accident must be assigned either to the negligence of one of the defendants or the concurrent negligence of both.
It is contended on behalf of the defendant, Mrs. Kendrick, that she observed every precaution in attempting to negotiate the crossing of the highway and that the negligence of Lafleur was the sole and proximate cause of the accident in that he was driving an old model automobile without brakes at an excessive speed and without maintaining a proper lookout, which lookout was obstructed by a cardboard shield, which was serving in place of the glass in the right front window of the car.
There is no question about the fact that the Lafleur car was of somewhat ancient vintage, and we think it is further established that the brakes were either defective or entirely ineffective. It is also true that the view of the driver was obscured by the cardboard inserted in the right front window. As to the speed of the Lafleur car, contrary to contentions of defendant, Mrs. Kendrick, the vast preponderance of the testimony attests to the fact that it was being driven at a moderate speed of some 18 to 20 miles an hour, which testimony was given not only by Lafleur, but by the drivers of two other automobiles who were immediately following the Lafleur car at the time.
Obviously, the driving of an automobile without adequate brakes, and the obstruction of the vision of the driver, preventing a proper lookout, constitute acts of negligence, but the point to be determined is whether this negligence was the proximate cause of the ensuing collision. We think under the facts of this case that the query must be answered in the negative.
The testimony of the witnesses who were in the best position to observe the circumstances attending the accident, is convincing on the point that Mrs. Kendrick drove her car into the path of the Lafleur vehicle at a time when it was impossible for the driver of the latter car to avoid the collision.
As a corollary to the above established fact, it must be concluded that Mrs. Kendrick failed to observe the approach of the *695 Lafleur car at a time when it was within such a short distance away as to make her attempt to cross the highway an act of the utmost carelessness and negligence. Admittedly, Mrs. Kendrick did not see the Lafleur car, but since there was no obstruction to her view for a considerable distance down the highway in the direction of its approach, this failure was due to her own lack of care in making an observation of possible approaching traffic.
It is definitely established by our jurisprudence, including a large number of recent cases, that the driver of an automobile is charged with the responsibility of seeing what could and should have been seen, and that failure to see constitutes negligence.
Under the established facts of this case we think it is clear that Mrs. Kendrick could and should have seen the approach of the Lafleur car. It follows that her failure to see constituted negligence, and it is further an inescapable conclusion that this negligence was the sole and proximate cause of the accident.
With respect to the quantum, we find no error in the amount determined by the District Judge. Plaintiff sustained a laceration of the scalp, which caused some slight pain, inconvenience and headaches of a few days duration, but the injury apparently was not sufficiently serious to necessitate more than one visit to a physician for medical attention. The District Judge took into consideration and made allowance in his award for the period of time during which plaintiff was deprived of the use of his car and for his loss of income over this period. It is true that appellant vigorously complains of this allowance on the ground that the basis is speculative. We cannot agree with this contention in view of the fact that defendant failed to controvert plaintiff's testimony on this point. Income on earned commissions is as susceptible of establishment as if predicated upon a fixed salary or wages. Plaintiff in this case, having established his average earnings over a considerable period of time, is certainly as much entitled to recovery as would be one who works at a daily wage or a monthly salary.
For the reasons assigned the judgment appealed from is affirmed at appellant's cost.