GLADNEY, Judge.
This appeal presents a claim for property damage by Joseph E. Dupuy against Jasper A. Sandifer, Jr., and D. J. Cooper, arising out of an automobile collision which occurred about 12:45 o’clock P.M. on December 21, 1956, in Monroe, Louisiana. The City Court of Monroe rendered judgment in favor of Dupuy for the full amount of his claim against Cooper, but rejected the demand against Sandifer. From the decree Cooper has appealed, and plaintiff has filed an answer to the appeal.
Just prior to the accident Dupuy was driving his Ford automobile south on North Eighth Street, and upon reaching Louisville Avenue he brought his vehicle to a stop before entering the intersection and there awaited a change of the street signal light which was indicating red toward traffic *146 proceeding on North Eighth Street, and was green for traffic approaching on Louisville Avenue. While Dupuy was in this position, Sandifer was operating his automobile in an easterly direction on Louisville Avenue in the inside lane for eastbound traffic approaching the intersection of Louisville Avenue with North Eighth Street at a very slow rate of speed, with the intention of turning left and going north on North Eighth Street. When he reached the light, which was green in his direction, he gave a timely signal for making a left turn. Traffic was unusually heavy, and impeded in the inside lane for westbound vehicles on. Louisville Avenue. The driver of one of said cars, the one nearest the intersection, indicated to Sandifer to pass in front of him and negotiate a left turn. Thereupon Sandifer proceeded to execute a left turn and proceed northward into North Eighth Street. When Sandifer’s vehicle had partially entered the latter street and had almost passed out of the intersection, the right rear portion of his automobile was struck by Cooper’s car which was being driven west in the north or outside lane of Louisville Avenue. The force of the impact drove Sandifer’s automobile into the stationary car of Dupuy, thereby inflicting damage.
A city motorcycle patrolman, Fred Grant, who had been traveling west on Louisville Avenue slightly ahead of Cooper had brought his motorcycle to a stop a short distance west of the intersection just prior to the accident. He heard the noise of the collision and testified as to the positions of the respective vehicles. He gave the width of Louisville as 40 feet and that of North Eighth as 25 feet. He said atmospheric conditions were normal and the pavement was dry. The point of impact was located in the northeast quadrant of the intersection. Additional testimony was given by the three motorists. Dupuy was not particularly observant of relevant circumstances occurring prior to the impact and his testimony added little to that of Grant. Cooper testified he was approaching the intersection at a speed of about 20 miles per hour on a green light and did not observe the Sandifer vehicle until it was directly in front of him, at which time he applied his brakes, as a result of which the tires of his. car skidded approximately ten feet prior to the impact. Sandifer testified that as he proceeded to make his left turn he looked toward the east and observed the approaching traffic for a distance of about 300 feet on Louisville Avenue and did not see the approach of Cooper until about the moment of impact.
The plaintiff charges Sandifer was negligent in attempting to make a left turn on Louisville Avenue into the face of oncoming traffic without being certain that sufficient time and distance were available to complete such a maneuver. He alleges Cooper was negligent in operating his automobile at a rate of speed which would not enable him to stop in sufficient time to avoid colliding with the car owned and operated by Sandifer, and in not keeping a proper lookout. On these issues the case went to trial.
On this appeal we are not concerned with the negligence of Sandifer who is not a party in interest in the proceedings before this court, for plaintiff has not appealed from the judgment rejecting his demand against Sandifer. He has filed an answer to the appeal but an answer to the appeal cannot serve the purpose of an appeal with respect to bringing into court parties against whom a plaintiff’s claims have been dismissed. Placid Oil Company v. North Central Texas Oil Company, Inc., 1944, 206 La. 693, 19 So.2d 616, 618; Maheu v. Employers Liability Assurance Corporation, Ltd., La.App.1946, 25 So.2d 363, 364; Standard Oil Company of New Jersey v. Perkins, La.App.1947, 29 So.2d 502, 505; Hirsch v. Kendrick, La.App.1950, 43 So.2d 692, 694; Succession of Jackson, La.App.1955, 77 So.2d 194, 198.
It is clear from our determination of the facts plaintiff Dupuy is blameless and occupies somewhat of a similar position *147 to that of an innocent bystander. Our inquiry, therefore, is confined to the negligence, if any, of the appellant Cooper.
We are favored with written reasons of the trial court wherein the judge a quo found the proximate and sole cause of the accident was the act of Cooper in projecting his vehicle into the intersection without stopping and yielding to Sandifer the opportunity to entirely clear the intersection. The court reasoned that Cooper saw, or should have seen, vehicles standing motionless ahead of him in the inside traffic lane; that this factor constituted a sufficient and timely warning of potential danger and that under the circumstances so presented he should have brought his car under full control. In further support of his decision, the trial judge pointed to a specific provision in the traffic ordinance of the City of Monroe, which, in effect, prescribes that notwithstanding stated speed limits (as reflected in the ordinance) the speed of a motorist must be further reduced where and when driving conditions, or safety of life, limb or property may require a lower speed. The rule is a wholesome one and a similar provision is to be found in the state highway regulatory statute, LSA-R.S. 32:221 et seq. When the exigencies of a situation invoke the application of a rule, as in the instant case, a driver is enjoined to bring his vehicle under full and complete control and be extremely alert.
Counsel for appellant argues the sole and proximate cause of the accident was Sandifer’s negotiation of a left turn at a time when it was unsafe to do so. We cannot agree with this postulation. We think the evidence adduced upon the trial supports the conclusion of the trial judge that Cooper was not properly observant and that his speed, because of the congested traffic encountered, was excessive. Sand-ifer, in proceeding to negotiate his entry into North Eighth Street, moved from a position of rest, crossed approximately six feet in front of the line of cars stopped in the inside lane on the north side of Louisville Avenue, and had moved almost out of the intersection into North Eighth Street when his vehicle was struck by that of Cooper. It is apparent that such a maneuver required the lapse of a certain time interval measured by and related to the slow movement of the Sandifer car over the distance of more than the twenty feet it traveled prior to being struck. We are impressed with the viewpoint, as was the trial judge, that if Cooper had been proceeding at a reasonable rate of speed with his automobile under full control, and if he had been observant, commensurate with the prevailing traffic conditions, he would have avoided the collision with the Sandifer vehicle. In failing to respect these precautions he was at fault and is liable for the damage sustained by the plaintiff.
It is, therefore, our conclusion that there is no error in the judgment from which appealed, and it follows that it should be, and is hereby affirmed at appellant’s cost.