JANVIER, Judge.
The plaintiff corporation, engaged in the manufacture and sale of laundry machinery and equipment, having made certain deliveries and having obtained from one of the defendants, Mrs. DeGeorge, a chattel mortgage and notes secured thereby, brought this suit against Mrs. DeGeorge and her husband, alleging that, in addition to the actual purchase price of the machinery and for the payment of which the chattel mortgage and notes have been given, the defendants had obligated themselves to pay the sales tax and “the cost of freight” and that these charges had not been paid in spite of amicable demand.
Judgment against both defendants in solido was prayed for in the amount of $413.45 of which $156.20 is alleged to represent the freight charge and $257.25 the sales taxes due to the City of New Orleans and to the State of Louisiana.
Mrs. DeGeorge answered denying any liability for either the sales taxes or the freight charges, contending that the claim for these taxes and charges was based on the fact that they were included in the order form which she had executed but which had never been accepted by the plaintiff corporation as is required by the order form which was prepared by the plaintiff corporation. She contends that the sale was not the result of that order, but was evidenced solely by the terms of the chattel mortgage and the notes in which no reference was made to either of said charges. She contends also that the said order form contained certain conditions which should not be considered since they were contained only in that preliminary document which commenced the negotiations and were not contained in the final contract evidenced by the chattel mortgage.
An additional stipulation which she contends had been in the order form and was not in the chattel mortgage was to the effect that, if any part of the purchase price should not be paid in cash, she would execute a chattel mortgage, but did not state that the terms of the chattel mortgage would include the right to executory process.
To state briefly the contention of Mrs. DeGeorge it is simply this — that though she ordered the machinery and received it, the transaction was not consummated as the result of the order, but was consummated as the result of the chattel mortgage, and therefore the stipulation in the order, to the effect that she would pay the sales taxes and the freight charges, not being contained in the chattel mortgage, could not be the basis of the claim against her.
*804 To this contention plaintiff counters with the argument that, although no one of its officers actually signed the order evidencing acceptance thereof as was in fact provided for in the order form, acceptance of the order was evidenced by the delivery of machinery and the acceptance thereof, and that after the shipment of the machinery, the mortgage was sent to Mrs. De-George for execution since she had wished to pay the entire purchase price on time. Thus the contention of plaintiff is that the entire contract was evidenced by the acceptance of the order and compliance therewith by shipment and that since, in the order Mrs. DeGeorge had agreed that she would execute the chattel mortgage, the chattel mortgage was ancillary to the original agreement and should not be considered as having superseded and taken the place of that agreement.
There was judgment in favor of plaintiff against Mrs. DeGeorge as prayed for, but the suit as against Mr. DeGeorge was dismissed. Mrs. DeGeorge appealed sus-pensively, but the plaintiff did not appeal from the judgment insofar as it dismissed its suit against Mr. DeGeorge. In this Court plaintiff filed answer to the appeal of Mrs. DeGeorge and in this answer prays that the judgment, insofar as it dismisses the suit against Mr. DeGeorge, should be reversed and should be amended so as to run solidarily against both defendants.
We immediately dispose of the contention that, by answering the appeal of Mrs. DeGeorge, plaintiff can bring Mr. De-George back as a defendant. He could have been retained as a defendant only by a direct appeal by plaintiff from the judgment which dismissed the suit as against him. In Succession of Jackson, La.App., 77 So.2d 194, 198, we said:
“It is well established in this state that an answer to an appeal cannot serve the purpose of an appeal with respect to bringing into court parties against whom a plaintiff’s claims have been dismissed. Thalheim v. Suhren, 18 La.App. 46, 137 So. 874; N. O. Nelson Mfg. Co. v. Wilkerson, La.App., 152 So. 157; Maheu v. Employers Liability Assur. Corporation, Ltd., La.App., 25 So.2d 363; Reid v. Monticello, La.App., 33 So.2d 760; Hirsch v. Kendrick, La.App., 43 So.2d 692.”
See, also, Baxter v. Texas & Pacific Railway Company et al., La.App., 102 So. 2d 97.
We find ourselves unable to agree with defendant in her contention that the original order which she signed does not constitute the contract since later she was required to execute the chattel mortgage which, according to her counsel, constituted the ultimate contract. It is true that there was no formal acceptance of her offer, but in compliance with the offer the equipment was shipped by plaintiff and was received and accepted by Mrs. DeGeorge.
We think that no authority is necessary to support the proposition that, even where a prospective purchaser executes an order on a form prepared by the prospective vendor and that form contains a stipulation to the effect that the order will be binding on the vendor “only when accepted by an officer” of the vendor and there is a blank space provided for acceptance by such an officer, a binding contract results when the goods ordered are delivered and accepted even though no officer of the vendor actually signed the contract and thereby evidenced formal acceptance.
Here there is no contention that the machinery and equipment shipped and received were not exactly as ordered, nor is it contended that they were not accepted and used. It appears from the order itself that it is contemplated that such orders will be secured by salesmen of the company and the provision that an officer must accept the order is put in merely to obviate the possibility that the approval of the order by the salesman might be looked upon as constituting acceptance for the company.
*805 Counsel for appellant sincerely and vehemently argues that the order constituted only an opening of negotiations and that it was contemplated that the final agreement was to be evidenced not by the order, but solely by the terms set forth in the chattel mortgage, and he bases that argument on the fact that, although in the order there were two stipulations as to the payment by the vendor of sales taxes and freight charges, those two requirements were not referred to in the chattel mortgage which was later executed. We do not see that from this it should be concluded that the chattel mortgage superseded the original order. In the order the description of the goods, the price and the method of payment, if not in cash, was set forth, and it was also stipulated in the said order that:
“In the event that any part of the purchase price is payable under the Deferred Payment Plan, the Total Unpaid Balance shall be payable in 35 equal monthly instalments of $217.00 each, and 1 equal monthly instalments of $224.00 each, the first such instalment to be paid 45 days from date of Prosperity invoice, and the remaining instalments on the same day of each and every successive month thereafter until fully paid.”
There was also stipulated, as already stated, that if the purchase price was not to be paid in cash, a chattel mortgage would be executed. In the chattel mortgage, which was later executed, the exact details of payment appeared as set forth in the order. Therefore, we conclude that the chattel mortgage was executed merely to carry out one of the stipulations of the order, that is, that if payments were not in cash — and they were not — they would be secured by chattel mortgage.
Counsel further contends that, although the order contained a stipulation for a chattel mortgage, it did not state that the chattel mortgage should provide for execu-tory process, and he says that, since execu-tory process is provided for in the chattel mortgage, this constituted a substantial change from the terms set forth in the order. We do not think so. We feel that since the order form required the execution of a chattel mortgage, it was contemplated that the chattel mortgage should contain such clauses as the usual chattel mortgage contains.
Accordingly, we feel that plaintiff was clearly entitled to recover such amounts as were required to be paid to the State of Louisiana and to the City of New Orleans as sales taxes, and that in the judgment this total amount was correctly fixed at $257.25.
However, the evidence as to the amount of the freight charges which plaintiff should be entitled to in accordance with the terms of the contract is not sufficiently definite to justify an allowance of the exact amount claimed. The contract provides that: “The Purchaser shall pay all freight, cartage and handling charges from the factory where machinery and equipment have been manufactured. * * * ”
The evidence shows that part of the order was shipped from Fort Worth, Texas, and part from the factory in Syracuse, New York and that this was done since, in Fort Worth, the plaintiff had a certain stock of goods. There is nothing to contradict the statement of a witness for plaintiff, who was the sales representative of the plaintiff, that the defendant was charged “with the freight estimate of the amount it would cost to ship similar equipment from Syracuse to New Orleans.” He then stated what was the freight charge per hundred pounds from Syracuse to New Orleans and added that the total shipment in weight was “approximately three thousand pounds.”
We think that this evidence does not show exactly what the proper freight charge should have been in accordance with the terms of the contract. For this reason only, the matter must be remanded to the First City Court of New Orleans.
*806 Accordingly, the matter is remanded to the First City Court of New Orleans for further proceedings consistent with the views herein expressed and according to law; all costs to await final determination.
Remanded.