JASPER E. JONES, Judge.
In this action for the price of a used car the defendant, Joy I. Wiggins, appeals a judgment against her and in favor of plaintiff, Van-Trow Olds-Cad-Toyota, Inc., for $2,900.00 plus legal interest and court costs. We affirm.
This case arises from events beginning in July, 1986. At that time defendant, with help from a friend, began looking at a 1980 Oldsmobile Cutlass on plaintiff’s lot. She was initially discouraged by the plaintiffs asking price of $3,500.00 for the car but when she could not locate another car which was suitable she again contacted Van-Trow and began dealing with Mr. Jimmy Nowlin, a salesman.
On August 11, 1986, Nowlin invited defendant to come see another car on the Van-Trow lot. She came that afternoon but was not interested in the other car. Defendant and Nowliri resumed talking about the 1980 Oldsmobile.
*1262 Defendant then offered to buy the 1980 Oldsmobile for $2,900.00.[1] Mr. Nowlin filled out a “deal sheet” stating defendant’s offer which she signed. The deal sheet contained the following provision in bold type “... THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE ...” Mr. Nowlin presented the “deal sheet” to Mr. Guy Gan-away, plaintiffs sales manager, who had authority to accept offers. Mr. Ganaway approved the offer and Mr. Nowlin returned to defendant and advised her that her offer had been accepted.
Ms. Wiggins then met with Mr. James Taylor, plaintiff’s manager, to begin the paperwork on the sale. Ms. Wiggins discussed with Taylor that she wanted to pay $2,500.00 of the price the following day and the balance shortly thereafter. Taylor agreed to this arrangement on behalf of Van-Trow. The car was delivered to defendant that same afternoon, August 11, 1986.
The following day defendant returned to Van-Trow and gave Mr. Ganaway her check for $2,500.00 and she signed a form needed for the Office of Motor Vehicles. She retained possession of the car.
On August 14, 1986, defendant wrecked the 1980 Oldsmobile. She then stopped payment on the $2,500.00 check she had issued to Van-Trow. Van-Trow then brought this action to recover the price of the car, $2,900.00. The trial judge rendered judgment in plaintiff's favor after a trial on the merits and this appeal followed.
The issue here is whether the failure of any representative of plaintiff to sign the “deal sheet” indicating acceptance of defendant’s offer defeats the existence of a contract of sale between these parties.
Defendant argues that the “deal sheet” was an offer which could be accepted only by being signed by one of plaintiff’s authorized representatives. She argues her offer remained unaccepted until she revoked it following the wreck. She contends that a written contract was contemplated by the parties and that none existed until the “deal sheet” was signed by a representative of plaintiff.
A sale is perfected as soon as the parties agree on the object and the price even though the object has not been delivered or the price paid. LSA-C.C. art. 2456.[2]
An offer need not be accepted in the same manner it was made unless the offer specifies that it must be. LSA-C.C. art. 1927.[3]
Here the parties had agreed on the object, the 1980 Oldsmobile, and the price, $2,900.00. The defendant had offered to buy the car for that sum and plaintiff had accepted the offer and notified defendant of its acceptance.
The defendant attempts to avoid the effect of Arts. 2456 and 1927 by reliance on the rule that where parties intend to have a written contract there is no contract until the writing is signed. See City Glass & Mirror Co. v. Charles Carter & Co., 144 So.2d 240 (La.App. 1st Cir.1962), and Big "A" Sand & Gravel Co., Inc. v. Bay Sand & Grav. Co., Inc., 282 So.2d 837 (La.App. 1st Cir.1973), writ den., 284 So.2d 773 (La. 1973).
*1263 Ms. Wiggins testified at trial that she wanted a written contract. However, she also testified that her offer was verbal and that it was reduced to writing in the “deal sheet” at Nowlin’s request so that Nowlin could present it to his superiors.
Mr. Nowlin testified that the sale was handled in a routine manner. Both Mr. Ganaway and Mr. Taylor testified that the “deal sheet” was not usually signed by any representative of Van-Trow until all paperwork on the transaction was complete. Ganaway and Taylor further testified that they considered this sale complete.
The evidence does not support defendant’s contention that the parties contemplated a written contract. Her offer was verbal. It was put in writing only because Nowlin had to do so to present it to his superior. The offer was verbally accepted and this acceptance was immediately communicated to defendant. From that point both parties acted as if they had a completed sale. Van-Trow delivered the car to Ms. Wiggins and she issued a check in partial payment of the price.
The trial court correctly observed in its reason for judgment “The entire transaction centered around the purchase of a vehicle.” These parties were interested in doing business and the evidence convinces us, as it apparently convinced the trial judge, that a formal written contract was not contemplated. Under these circumstances the appellant’s reliance on the rule stated in City Glass, supra, and Big “A” supra, and other similar cases cited by her is misplaced.
The “deal sheet” did not require that a representative of Van-Trow accept in writing, only that a representative of Van-Trow accept the offer to make it binding. Mr. Ganaway’s verbal acceptance which was immediately communicated to defendant was sufficient. LSA-C.C. art. 1927.
This conclusion is supported by Prosperity Co., Div. of Ward Ind. Corp. v. DeGeorge, 123 So.2d 802 (La.App. 4th Cir. 1960). In Prosperity the court held that a contract resulted when the goods ordered by written order were delivered and accepted even though no officer of the vendor actually signed the order form in the place provided to evidence formal acceptance. The instant case is stronger than Prosperity in that we have the added fact of a verbal acceptance of which defendant had been notified.
The defendant relies on Gist v. Donaldson Ford Company, 262 So.2d 146 (La. App. 3d Cir.1972), to support her contention that the “deal sheet” had to be signed to be accepted. However, Gist is distinguishable for the reason that the offer there was not accepted in any manner by anyone with the authority to do so prior to revocation. Here the offer was accepted by an authorized representative and defendant so notified long before the attempted revocation.
The defendant also relies on Kershaw v. Deshotel, 179 So.2d 528 (La.App. 3d Cir. 1965). In Kershaw the court held that a “Buyer’s Order” stating it was not an “order” until accepted by an official of the seller and a finance company if there were any deferred price was not binding until accepted in writing. There are some distinctions between Kershaw and the instant case. First, in Kershaw an officer of the seller testified that the order was not binding until accepted in writing. Second, the buyer in Kershaw had not issued a check for partial payment of the price. Further, to whatever extent Kershaw cannot be distinguished we decline to follow it as it is in conflict with LSA-C.C. art. 1927.
For the foregoing reasons the judgment is affirmed at appellant’s costs.

. This was an increase from her earlier offer of $2,750.00 which had been rejected.

. Art. 2456. Completion of contract by agreement as to object and price
The sale is considered to be perfect between the parties, and the property is of right acquired to the purchaser with regard to the seller, as soon as there exists an agreement for the object and for the price thereof, although the object has not yet been delivered, nor the price paid.

. Art. 1927. Consent
A contract is formed by the consent of the parties established through offer and acceptance.
Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent.
Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.