## MIDDLETON v. SEITHER

---

(January 13, 1930. Opinion and Decree.)

---

Charles J. Larkin, Jr., of New Orleans, attorney for plaintiff, appellee.

St. Clair Adams and St. Clair Adams, Jr., of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff, Middleton, was driving his automobile on Metairie road alongside Metairie cemetery and a few hundred feet from the New Basin shell road, when he was run into by an automobile owned and driven by defendant Seither. The damages sustained by plaintiff's car amounted to $297.55, and for this amount he brings suit.

It is conceded that plaintiff was in no way at fault himself, as his car was on the correct side of the road, was being operated at a moderate rate of speed, and as there was nothing which he could do to avoid the accident. Defendant, however, contends that he is not liable and bases this contention on his claim that the accident resulted solely from the effects of a collision between his car and the car of the third party, one Dudek, and which first collision was caused solely by the negligence of Dudek.

The evidence shows that defendant's car was proceeding in the direction opposite that in which plaintiff's car was going, when suddenly and without warning, the car of Dudek which was going in the direction in which Mr. Middleton's car was going, bumped into the Seither car and scraped along its side. Almost immediately afterwards the Seither car turned sharply to its left, crossed the small intervening space between it and the Middleton car and crashed into the front of the Middleton car and into the curb alongside the roadway.

Seither claims that as a result of the collision with the Dudek car he lost control of his own machine, having been bumped from his position in the seat and that, in an effort to regain control, his foot pressed upon the accelerator instead of the brake.

Mr. Middleton's testimony falls far short of showing that Seither was in any way to blame. He concedes that the proximate cause of the first collision was the negligence of Dudek and that Seither was in no way to blame therefore. Unless then

it appears that after the first collision Seither could have regained control of his machine and that an ordinarily prudent person and a reasonably careful driver could have done so, Seither is not liable.

Plaintiff's actions at the time of the accident and thereafter indicated rather convincingly that it was his opinion that Dudek was responsible for both collisions and apparently it was only when he discovered that Dudek, being a non-resident and difficult to locate, could not be sued that he determined to make an effort to secure reimbursement from Seither.

With Seither, in his car, was an uncle by marriage, an old man about 81 years of age, who, according to him, was very feeble. It is argued that the fact that Seither did not produce this uncle as a witness creates the presumption that the testimony of the uncle would have been adverse to him. We think, considering the age of the old gentleman and his physical condition, that the rule which is ordinarily applicable should not be allowed to work too great a hardship on Seither, particularly as the other evidence is quite sufficient to convince us that Seither was blameless.

It is true that only questions of fact are involved but we are unable to see in the record any evidence which justifies a holding that Seither was at fault. On the contrary his own testimony and the physical facts with reference to distances, etc., convince us that the second accident resulted entirely from the first and that since Seither was not responsible for the first he is not liable as a result of the second.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is annulled, avoided and reversed and that there now be judgment in favor of defendant dismissing plaintiff's suit.