## GEORGE SCHWEIKERT v. PETERS SAUSAGE COMPANY AND ANOTHER.[1]

January 5, 1940.

No. 32,206.

*Joseph P. O'Hara,* for appellant.
*Maugridge S. Robb,* for respondents.

[1]Reported in 289 N. W. 828.

STONE, JUSTICE.

This action for wrongful death was dismissed when plaintiff rested because, it was considered, there was no proof of defendant's negligence. Plaintiff appeals from the order denying his motion for a new trial.

Decedent was the minor son of August Brecht. Death overtook him as result of the automobile collision out of which this case arises. The Brecht family, father, mother, and son, on December 5, 1936, were traveling northward in their sedan on the trunk highway between Little Falls and Brainerd. The father, August Brecht, was at the wheel. Pavement and shoulders were under a slight blanket of snow, which concealed the pavement's center stripe and the edges of the concrete. On a slight curve the Brecht car got out of control and skidded across the pavement to its left. When athwart the shoulder on the left side it was struck by a loaded truck, owned by defendant Peters Sausage Company and driven by its employe and codefendant, Derdoski.

There is testimony for plaintiff that the Brecht car was not struck until its front wheels had descended into the ditch. That is demonstrably untrue because the truck which struck it broadside on, between the fenders on the right side, is shown not only by testimony but also by the physical facts not to have left the shoulder.

The truck driver, Derdoski, perceived the predicament of the Brecht car in time to get his vehicle entirely off the pavement and onto the shoulder to his right, that is, to the west. The distance between the two cars at the moment when Derdoski discovered that the Brecht car was skidding is left in doubt by the testimony. But Derdoski, while insisting that he had his foot on the pedal to apply the brakes, said also that he did not use them because he did not have time to do so. On the witness stand he admitted that "at the time of the impact" his speed, if he had reduced it at all, had not been lowered below 32 miles per hour.

On the merits, the result below may have been right. Defendant Derdoski faced an emergency and may have been guilty of no

actionable wrong. We reverse not because we disagree with the decision, but because we must disapprove the manner of it. The admission that the truck's speed may have been 32 miles per hour or more and the failure to stop compel our holding that there was a question for the jury as to the negligence of defendants.

If the truck had remained on the pavement the jury could well have considered that a sudden application of brakes would have added to rather than lessened the danger. Inasmuch as it was on the dirt shoulder, the surface of which was somewhat below the pavement, it would not have been unreasonable for a jury to say that it was negligence for the driver not to have stopped his truck or at least not to have used much more of effort in attempting to stop. His admission of speed is confirmed somewhat by the fact that the collision was a violent one. It is but another of the numerous cases wherein it was for the jury to choose between conflicting inferences reasonably to be drawn from the evidence.

Holding as we do that the dismissal was erroneous for the indicated reason, the order denying a new trial must be reversed. So ordered.