JOSEPH BRADY, AS TRUSTEE FOR SURVIVING SPOUSE
AND NEXT OF KIN OF IRMA LINDA BRADY, AND
ANOTHER v. MIKE KROLL AND ANOTHER.
FRANCIS O'BRIEN, RESPONDENT.[1]

May 13, 1955.

Nos. 36,499, 36,500.

*Gordon Rosenmeier* and *John E. Simonett,* for appellants.
*Quinlivan & Quinlivan,* for respondent.

DELL, CHIEF JUSTICE.

Actions for wrongful death and for expenses incurred by the plaintiff arising out of an automobile accident allegedly caused by the negligence of the defendants Mike Kroll and Francis O'Brien.

---

[1]Reported in 70 N. W. (2d) 354.

Plaintiff appeals in each action from an order denying his motion for a new trial against the defendant O'Brien.

On December 27, 1953, at approximately eight o'clock in the evening, the plaintiff was driving an automobile belonging to his employer in a northerly direction on highway No. 10 toward Little Falls, Minnesota. The night was clear and the road surface dry. Plaintiff's wife and four minor children were passengers in the vehicle. Defendant O'Brien (hereinafter referred to as the defendant) was driving his 1952 Studebaker pickup truck in a southerly direction on the same highway. The defendant's vehicle, in which there were no passengers, was traveling at approximately 50 miles per hour and the plaintiff's vehicle at about 35 miles per hour. As the two vehicles approached each other, an automobile being driven by Kroll, also traveling in a southerly direction, caught up to the defendant's truck. Apparently in maneuvering to pass, the Kroll car struck the rear end of the defendant's truck. In the collision the left front fender of the Kroll car was bent and its left headlight broken. The truck went out of control and eventually crossed into the north-bound lane where it collided with the plaintiff's car.

The evidence shows that there were 119 feet of tire marks on the road from the defendant's truck, 75 feet of which were in his own lane and 44 feet of which were in plaintiff's lane. Broken glass from the headlights of the Kroll car was found 25 feet north of these tire marks in the defendant's lane. Plaintiff contends and defendant concedes that the point of impact between the Kroll and the O'Brien vehicles was in the defendant's lane approximately 38 feet north of the point where the broken glass from the headlights of the Kroll car was found, making the distance traveled by the defendant's truck between the two points of impact a minimum of 182 feet. Defendant points out that the time involved in traveling this distance was about two and one-half seconds. Plaintiff's car stopped near the point where it was struck in the northbound lane; the Kroll car stopped in the west ditch about 50 to 75 feet south of plaintiff's car; and the defendant's truck came to rest in the east ditch about 160 feet south of the plaintiff's car. Consequently, the distance which the defendant's truck traveled from the point of the first collision to

the point where it came to rest in the ditch after its collision with the plaintiff's car was approximately 342 feet.

Mrs. Brady was fatally injured in the accident, and the Brady children sustained various injuries. The plaintiff, as trustee for the surviving spouse and next of kin, commenced an action for wrongful death and also a separate action in his own name to recover expenses incurred in the care of his children. Both cases were consolidated for trial and heard together on appeal. In his amended answer Kroll admitted liability, and there was a verdict against him in favor of the plaintiff as trustee for $17,500 and another in favor of the plaintiff individually for $1,744.59. The trial court granted defendant O'Brien's motion for a directed verdict in his favor in both cases.

Plaintiff contends that under the evidence the issue of the defendant's negligence should have been submitted to the jury. It is elementary that, if, in viewing the evidence as a whole in the light most favorable to the plaintiff, different persons could reasonably come to different conclusions, defendant's motion for a directed verdict should have been denied.[2] It is clear from the evidence that, prior to the rear-end collision with the Kroll vehicle, O'Brien was free from negligence. The evidence shows that he was proceeding at a moderate rate of speed and in his own lane of traffic. Even if he was or should have been aware of the rapid approach of the Kroll vehicle from the rear, there is no showing that he acted in an unreasonable or imprudent manner. The significant question is whether the defendant failed to exercise reasonable care in controlling his vehicle subsequent to the time that he was struck by the Kroll car. Defendant concedes that, if he was so negligent, such negligence was a proximate cause of the accident.

M. S. A. 169.18, subd. 1, provides:

"Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows:" (None of the exceptions apply here.)

---

[2]Village of Plummer v. Anchor Cas. Co. 240 Minn. 355, 61 N. W. (2d) 225; Hanrahan v. Safway Steel Scaffold Co. 233 Minn. 171, 46 N. W. (2d) 243; 6 Dunnell, Dig. & Supp. § 9764.

In construing this statute in Simon v. Carroll, 241 Minn. 211, 215, 62 N. W. (2d) 822, 826, we said:

"* * * It follows that, pursuant to § 169.18, subd. 1, * * * the act of driving a motor vehicle to any extent whatever to the left of the center line of a roadway of sufficient width, constitutes prima facie evidence of negligence (§ 169.96) and the prima facie case so established must prevail against the violator in the absence of countervailing evidence showing a statutory or other reasonable ground for such violation. [Citing cases.]"

Thus, while the burden of proving that the defendant was negligent remained with the plaintiff throughout the trial, the plaintiff, by establishing that the defendant was not driving upon the right half of the roadway at the time of the impact with plaintiff's car but was traveling on the wrong side of the road, cast upon defendant the burden of producing evidence to rebut plaintiff's prima facie case.[3]

Defendant was called for cross-examination by the plaintiff as the first witness at the trial. He testified that without warning he was struck by the Kroll car from the rear and was propelled by the impact "nearly crossways"; that he kept his "hands" on the wheel; and that he steered to the right in an attempt to get out of the skid but was unable to avoid the accident. He pointed out that the width of the pavement was about 22 feet and left the clear inference that the collision between his vehicle and the Brady car took place almost instantaneously after the impact between the Kroll car and the defendant's vehicle.

Following defendant's cross-examination, plaintiff established, through the highway patrolman, the location of the glass from the broken headlight of the Kroll car and the location and length of the tire marks laid down by the defendant's vehicle. This testimony showed that there was an appreciable length of time and distance between the two impacts. Subsequently, when called as a witness in his own behalf, defendant testified that after the impact with the

[3]Cf. Anderson v. Freis, 61 Cal. App. (2d) 159, 142 P. (2d) 330 (petition for hearing by supreme court denied); see, Lestico v. Kuehner, 204 Minn. 125, 283 N. W. 122; 9 Wigmore, Evidence (3 ed.) § 2489.

Kroll car he put his right hand against the back of the seat on a "B-4" bag (a military traveling bag) to keep from sliding and that he only had his left hand on the wheel. Moreover, the location of the first impact together with the tire marks show that rather than being propelled "nearly crossways" the defendant's vehicle gradually veered a distance of approximately 138 feet on its own side of the road before it crossed the center line and then continued for approximately 44 feet on plaintiff's side of the road before it collided with the Brady car. Defendant admits that he did not apply his brakes until after the collision with the plaintiff's car. In view of this conflicting evidence a jury could, if it so desired, disregard much of the defendant's testimony.[4] A jury could also reasonably find that, because the damage to the front of the Kroll car was negligible, the force of the initial impact was relatively slight.

We are of the opinion that under this evidence a jury would be justified in finding that the defendant did not use reasonable care in attempting to control his vehicle after the first collision. Defendant argues that a jury should not be permitted to find him negligent because of the brief time and distance in which he had an opportunity to regain control of his vehicle. He relies on the case of Rich v. Herny, 222 Iowa 465, 269 N. W. 489, in which there was some evidence that after the first collision the defendant dropped his hands from the steering wheel and stepped on the accelerator rather than the brake. In reversing a judgment against the defendant, the court concluded that (222 Iowa 470, 269 N. W. 492) "the suddenness of the collision and the emergency presented were such that it cannot be said that an ordinarily prudent person would not have acted in the same manner under the same circumstances." There may well be situations in which the defendant could not reasonably be said to be negligent where, for example, the two collisions were practically instantaneous or the first collision rendered the steering apparatus of the defendant's car ineffective, making control impossible.[5] We cannot agree, however, with the reasoning

---

[4]Mason's Dunnell, Minn. Pract. § 1383.

[5]Cf. Giancarlo v. Karabanowski, 124 Conn. 223, 198 A. 752; Penton v. Fisher (La. App.) 155 So. 35.

of the Iowa court as it applies to the facts of the instant case. We do not believe that the lack of diligence which could reasonably be attributed to the defendant here might, as a matter of law, be expected from the ordinarily prudent driver under similar circumstances.[6]

We are not unmindful of the rule that, when a driver is suddenly confronted with an emergency through no fault of his own, he should not be held negligent merely because he does not choose the best or safest way.[7] This rule is merely a particular application of the reasonable care test and operates only to relieve a driver from liability for errors in judgment which the ordinarily prudent man might make under similar circumstances.[8] Consequently, even though faced with an emergency, as was the defendant in the instant case, a driver is nevertheless obligated to make a reasonable effort to avoid a collision, and whether he uses reasonable care commensurate with the sudden peril with which he is confronted is ordinarily a question of fact for the jury.[9] We are not prepared to say that the time involved and the distance traveled in the instant case were so brief that a reasonable man could not, as a matter of law, be expected to control his vehicle so as to avoid the collision with the plaintiff's car.

If a vehicle, which is traveling in its own lane, is struck from behind through no fault of its driver and because of the collision is suddenly propelled onto the wrong side of the road where it collides with an oncoming vehicle, and, if the evidence reasonably supports the driver's claim that there was nothing he could have done to avoid the second collision, there is no issue of fact for the jury. It does not follow, however, that every such collision creates a law rather than a fact issue. It is apparent that there may be instances where the evidence and the permissible inferences to be drawn there-

---

[6]Compare Middleton v. Seither, 14 La. App. 471, 131 So. 594, with Thalheim v. Suhren, 18 La. App. 46, 137 So. 874.

[7]See, 8 Dunnell, Dig. (3 ed.) § 4167b; 13 *Id.* § 6972a.

[8]Zickrick v. Strathern, 211 Minn. 329, 1 N. W. (2d) 134; Prosser, Torts, § 37, p. 242.

[9]Schweikert v. Peters Sausage Co. 206 Minn. 596, 289 N. W. 828; see, Palmer v. Moren (M. D. Pa.) 44 F. Supp. 704, 710; Gamalia v. Badillo, 53 Cal. App. (2d) 375, 128 P. (2d) 184; cf. Sauter v. Sauter, 244 Minn. —, 70 N. W. (2d) 351.

from are such that different minds could reasonably conclude that all was not done that the ordinarily prudent man would have done to avoid the second collision. Where the defendant's testimony contains contradictions or improbabilities and, from the evidence as a whole, it is not conclusive that the second accident could not reasonably have been avoided, the issue becomes one of fact for the jury.

We conclude that in view of the defendant's contradictory testimony and the inferences that can reasonably be drawn from the evidence as a whole, the issue of defendant's negligence in the instant case was for the jury. The question is a close one. Defendant was confronted with an emergency and the result reached by the trial court may be entirely right. We are compelled to reverse because of the manner in which the result was reached.[10]

Reversed.

----

[10]See, Schweikert v. Peters Sausage Co. 206 Minn. 596, 289 N. W. 828.