HAZEL L. MONSON, TRUSTEE FOR NEXT OF KIN OF ALFRED MONSON, v. WILLIAM K. MATHESON, EXECUTOR OF ESTATE OF WILLIAM A. MATHESON, AND ANOTHER.

140 N. W. (2d) 843.

March 4, 1966—Nos. 39,753, 39,761.

*Quinlivan, Quinlivan & Williams,* for appellant Prushek.
*Gordon Rosenmeier* and *John E. Simonett,* for appellant Matheson.
*Nolan, Alderman & Holden* and *Robert R. Alderman,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying a motion for judgment notwithstanding the verdict or, in the alternative, for a new trial.

On August 2, 1963, a head-on collision occurred between a northbound vehicle operated by Howard Prushek and one southbound, driven by William A. Matheson, deceased. An action was instituted

against both drivers to recover for the death of Alfred Monson, a passenger in the Matheson car who was killed in the accident. By the verdict of a jury it was determined that the negligence of both drivers concurred to cause the collision. The issue on appeal is whether the evidence supports this finding with respect to defendant Prushek.

Just before the accident, Prushek, traveling in a northerly direction at an estimated speed of 45 to 50 miles per hour, approached a point where the road rises to a crest; thence goes northerly on a level grade for a distance of approximately 270 feet; descending then as one proceeds to the north. The impact occurred 170 feet north of the south end and 100 feet south of the north end of this plateau. The tarvia, traveled surface at this point is about 19 feet in width with a level, firm shoulder to the east about 13 feet wide.

After impact, observed skid marks leading to the Matheson vehicle measured 32 feet in length; started in the northbound lane; curved to the west to cross the imaginary centerline; and terminated in the southbound lane. Skid marks leading to the Prushek vehicle measured 62 feet and commenced in the northbound lane. The rear wheel marks remained in that lane in a straight line. The front wheel marks veered to the west, terminating also in the southbound lane. At rest, the front ends of the two vehicles were about two feet apart.

The collision occurred at 6:30 p. m. The sun was shining. The weather was clear and dry.

Prushek alone survived the collision. He testified that his vision of approaching traffic was obstructed by the hill crest as he proceeded northerly and that it was not until he reached the plateau that he was able to observe the Matheson car. It was then southbound in the northbound lane. He applied his brakes, but too late. He made no attempt to turn to the right to avoid the collision. It is claimed that he had no time to do so. He estimated that the approaching vehicle was traveling at approximately the same speed as he was.

The case was submitted to the jury as against both drivers, the court instructing that —

"* * * a person confronted with an emergency through no negligence of his own, who, in an attempt to avoid the danger does not

choose the best or safest way, is not negligent because of such choice, unless the choice was so hazardous that a reasonable person would not have made it under like circumstances."

Although the case is not free from doubt, we concur with the trial judge's view that the evidence considered as a whole made the question of Prushek's negligence one for determination by the jury. As he approached the crest of the hill, being familiar with this roadway, Prushek knew or should have known of the hazards to be anticipated from approaching traffic on a relatively narrow, rural roadway. He should have been alert for possible danger. He should have had his vehicle under sufficient control so that he could take reasonable precautions to avoid collision. When he first saw the Matheson car it was apparent to him that it was on the wrong side of the road. The jury could have concluded from the evidence considered as a whole that the two vehicles were then at least 270 feet apart — the length of the level stretch. The jury could also have found that had Prushek been driving at an appropriately reduced speed and had he been on the alert for possible danger, he would have had sufficient time, while traveling the distance of 170 feet from the crest of the hill to the point of impact, to have turned to his right onto the shoulder. Had he done so, the collision could have been avoided. Admittedly, factors of time and distance were limited. Even so, we feel that the jury's determination that Prushek could have avoided the accident in the exercise of due care is sustained.

Although there is no prior decision of this court dealing with the precise factual situation here involved, these authorities are relevant and helpful: Brady v. Kroll, 244 Minn. 525, 70 N. W. (2d) 354; McCormick v. Malecha, 266 Minn. 33, 122 N. W. (2d) 446; Cook v. Person, 246 Minn. 119, 74 N. W. (2d) 389; Kime v. Koch, 227 Minn. 372, 35 N. W. (2d) 534; Stedman v. Norlin, 243 Minn. 389, 68 N. W. (2d) 393; Cosgrove v. McGonagle, 196 Minn. 6, 264 N. W. 134; Kapla v. Lehti, 225 Minn. 325, 30 N. W. (2d) 685; and Barrie v. Ackerman, 250 Minn. 1, 83 N. W. (2d) 497.

The disposition of the claims of appellant Prushek makes unnecessary a consideration of claims made by Matheson's executor as appellant.

Affirmed.