**WASTE RECOVERY COOPERATIVE OF MINNESOTA, et al., Petitioners, Appellants,**

v.

**The COUNTY OF HENNEPIN, Minnesota, et al., Respondents.**

No. CO–93–158.

Supreme Court of Minnesota.

May 27, 1994.

As Amended on Denial of Rehearing June 28, 1994.

Timothy R. Thornton, Jack Y. Perry, Minneapolis, for appellant.

Michael O. Freeman, Hennepin County Atty., Deonne Parker, Asst. County Atty., Minneapolis, for respondent.

## OPINION

PAGE, Justice.

■ We granted review of the court of appeals' decision reversing the district court's denial of Hennepin County's[1] motion for summary judgment on the basis of governmental immunity from suit.[2] Because we find neither discretionary function immunity nor official immunity[3] apply, we reverse and remand to the district court for further proceedings consistent with this opinion.

In 1990, Waste Recovery Cooperative (WRC) entered into an agreement with U.S. West whereby outdated, surplus, and defective phone books would be collected and delivered to WRC for recycling. U.S. West encouraged its customers to deposit their old phone books in containers U.S. West had arranged to be placed at Target stores. WRC, together with Poor Richard's, Inc. (collectively "Waste Recovery"), collected the phone books from the Target stores and transported them to a WRC-leased storage site in Ramsey County and to a site owned by Poor Richard's.

On learning Waste Recovery intended to recycle the phone books by turning them into fuel,[4] Thomas Heenan, an employee of Hennepin's Department of Environmental Management, sent letter directives on February 15, 1991, to WRC and to Poor Richard's. The letter directives informed Waste Recovery that the phone books were subject to the county waste designation requirements of Ordinance 12, that they were "waste" under Minnesota state law, and that burning the books would not constitute recycling under state law. Heenan ordered Waste Recovery to cease removing the phone books from the county and required that phone books already removed from the county be delivered to the county's incinerator by February 28, 1991. In the alternative, Waste Recovery was directed to make arrangements acceptable to Hennepin for recycling the phone

1. The respondents in this case are the County of Hennepin, the President and Commissioners of the Hennepin County Board, the Hennepin County Department of Environmental Management, Vern Genzlinger, Thomas Heenan, John Carlson, and Dennis Weiss. The four individuals are employees of Hennepin County. For brevity, the respondents are collectively termed "Hennepin."

2. Under *Anderson v. City of Hopkins*, 393 N.W.2d 363 (Minn.1986), an order denying a motion for summary judgment based on a claim of governmental immunity is immediately appealable. *See McGovern v. City of Minneapolis*, 475 N.W.2d 71, 73 (Minn.1991) (extending Anderson to governmental discretionary act immunity).

3. At the very close of oral argument, Hennepin raised for the first time the suggestion that Heenan was immune from liability under the common law doctrine of official immunity and that Hennepin was vicariously immune on that basis. While not an issue before us on appeal, we note that the record before us is adequate to dispose of it and in the interest of judicial economy, we address it now. *See Holen v. Minneapolis–St. Paul Metropolitan Airports Commission*, 250 Minn. 130, 135, 84 N.W.2d 282, 286 (1957).

4. Jeffrey Goodman, CEO of WRC, testified in a deposition that WRC did consider converting the phone books into fuel pellets, but was also planning to shred them for use as worm bedding and packing material.

books by that date. By copy, Heenan also sent the letter directives to U.S. West.

Counsel for Waste Recovery contacted Hennepin and on February 25, 1991, Hennepin informed Waste Recovery that they could process the phone books for use as worm bedding and packing material, but not fuel. Waste Recovery was also informed that any part of the phone books not processed as worm bedding or packing material were to be stored by Waste Recovery pending resolution of Hennepin's claim to the phone books.[5] On March 5, 1991, Hennepin informed U.S. West that the phone books were "waste" and directed U.S. West to haul all phone books collected in the county to the county incinerator. The next day, Waste Recovery filed suit seeking a temporary restraining order against Hennepin. In addition, the lawsuit sought damages for claims under state common law and the federal constitution.

On March 28, 1991, the Honorable Henry McCarr issued a declaratory judgment holding that the phone books were not "waste," as defined in Minn.Stat. § 115A.03, subd. 34 (1990), and therefore not subject to Ordinance 12. The court reasoned that because the phone books were not discarded as refuse, they did not come within the definition of "solid waste" as defined under Minn.Stat. § 116.06, subd. 10 (1990).[6] The court went on to note that even if the phone books met the definition of "solid waste" under the statute, they were also exempt from Ordinance 12 under Minn.Stat. § 115A.83(1) (1990) because they were materials that were separated from solid waste and "recovered for reuse in their original form or for use in manufacturing processes." Judge McCarr's order did not address the issue of damages. The court of appeals affirmed Judge McCarr's order on October 9, 1991.

In July 1992, Waste Recovery petitioned the district court for a determination of damages. The parties filed cross-motions for summary judgment, which the court denied. Hennepin's motion claimed governmental immunity, and Hennepin appealed its denial. Hennepin argued it is entitled to immunity under 42 U.S.C. § 1983 on the federal constitutional claims and, on the state law claims, it had discretionary function immunity under Minn.Stat. § 466.03, subd. 6 (1992), and due care immunity under Minn.Stat. § 466.03, subd. 5 (1992). The court of appeals held Hennepin was entitled to qualified immunity on Waste Recovery's federal claims and was protected by discretionary function immunity on the state law claims. The court of appeals ordered the case remanded to the district court on the issue of whether certain Hennepin employees were entitled to due care immunity under Minn.Stat. § 466.03, subd. 5.

Waste Recovery petitioned this court for further review and we granted its petition for the limited purpose of considering whether *Nusbaum v. County of Blue Earth,* 422 N.W.2d 713 (Minn.1988) requires reversing the decision of the court of appeals with regard to the claim of discretionary function immunity. We hold Hennepin is not entitled to discretionary function immunity on the state law claims. We further hold Hennepin's employees are not entitled to official immunity for the performance of ministerial duties.

■ Generally, under Minn.Stat. § 466.02 (1992), political subdivisions are liable in tort for the acts of their "officers, employees and agents acting within the scope of their employment or duties." Minn.Stat. § 466.03, however, sets out various exceptions to the general rule. Minn.Stat. § 466.03, subd. 6, provides immunity from claims "based upon the performance or the failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused." The determination of whether conduct is discretionary is a question of law. *Snyder v.*

5. On that same day, two investigators for Hennepin inspected Waste Recovery's facilities and learned that only a very small number of phone books had been processed for recycling and that WRC did not have a recycling license from Ramsey County. One of these investigators, accompanied by a Ramsey County investigator, conducted another inspection of the facilities on March 1, 1991. This latter inspection was the basis of Waste Recovery's trespassing claim.

6. Subdivision 10 defines "solid waste" to include "discarded waste materials." The district court found the phone books had been collected, not discarded.

*City of Minneapolis,* 441 N.W.2d 781, 786 (Minn.1989).

The conduct Waste Recovery is challenging in this case is Heenan's determination that the phone books were "waste." Waste Recovery is not contesting Hennepin's recycling or waste designation policies under Ordinance 12, nor its practice of issuing directives under those policies.

■ In *Nusbaum v. County of Blue Earth,* 422 N.W.2d 713, 722 (Minn.1988), we held the critical inquiry in the discretionary function immunity determination is whether the challenged governmental conduct involved a balancing of policy objectives. This follows from the purpose of discretionary function immunity, which is to prevent courts from passing judgment "on policy decisions entrusted to coordinate branches of government." *Holmquist v. State,* 425 N.W.2d 230, 231 (Minn.1988); *see also, Nusbaum,* 422 N.W.2d at 718. We stated in *Nusbaum* that government conduct is protected only where the State produces evidence that the conduct was of a policy-making nature involving social, political, or economic considerations. Discretionary function immunity, we held, does not extend to the exercise of professional or scientific judgment where such judgment does not involve the balancing of policy objectives. *Id.* at 722. We further reiterated our concern, alluded to in *Cairl v. State,* 323 N.W.2d 20, 23, n. 2 (Minn.1982), with "merely attaching labels such as 'discretionary,' 'ministerial,' 'planning level' and 'operational level' to certain conduct in a conclusory manner." *Id.* at 719.

■ Under *Nusbaum* Hennepin bears the burden of proving it is entitled to immunity. It has not done so here. Evidence that conduct involves a balancing of policy considerations of a social, political, or economic nature may be found: (1) in the language of the statute authorizing the conduct; (2) in an examination of the conduct itself; or (3) in the policy determinations that give rise to the challenged conduct. Thus, Hennepin may meet its burden of proof in any one of these three ways. *Id.* at 722–23 and n. 6.

■ Hennepin clearly cannot meet its burden by examination either of the statutory language or the underlying policy determinations giving rise to the challenged conduct. The language of Minn.Stat. §§ 115A.03, subd. 21 (1992),[7] and 115A.83(1) (Supp.1991)[8] does not suggest that the determination of what does, and what does not, meet the legal definition of "waste" involves any balancing of policy considerations. Nothing in the statutory language suggests the rationale for discretionary function immunity applies to determining whether something is "waste." Nor does challenging the judgment that the phone books were "waste" challenge waste management policy generally or challenge the balance between the competing waste management programs of recycling and waste designation.

The court of appeals found Hennepin met its burden by examining the conduct itself, and finding it involved balancing social, political, or economic considerations. *Waste Recovery Co-op. v. Hennepin County,* 504 N.W.2d 220, 231–32 (Minn.App.1993). Before us, Hennepin argues the court of appeals was correct because Heenan was supposed to enforce the waste designation policy and had some discretion in issuing orders to enforce the policy. Therefore, Hennepin contends, Heenan was engaged in the process of balancing waste management policy considerations. Hennepin also asserts that before Heenan could order the phone books brought to the county incinerator, he had to establish whether Waste Recovery had the capability to recycle the phone books. Further, the decision to issue the directives and

---

7. Subdivision 21 defines mixed municipal solid waste as:

   [G]arbage, refuse, and other solid waste from residential, commercial, industrial, and community activities that the generator of the waste aggregates for collection, but does not include auto hulks, street sweepings, ash, construction debris, mining waste, sludges, tree and agricultural wastes, tires, lead acid batter-

   ies, used oil, and other materials collected, processed, and disposed of as separate waste streams.

8. Minn.Stat. § 115A.83(1) exempts from designation "materials that are separated from mixed municipal solid waste and recovered for reuse in their original form or for use in manufacturing processes."

the timing of their issuance are, Hennepin insists, actions resulting from the balancing of policy considerations.

Waste Recovery counters that Hennepin's determination that the phone books were "waste" did not involve the balancing of social, political, or economic considerations and that because the phone books were not "waste," anything Hennepin ordered subsequent to making that erroneous determination was inappropriate.

We hold the decision that the phone books were "waste" is not protected by discretionary function immunity. Heenan's conduct was based on his professional judgment that the phone books were "waste." That decision did not involve the balancing of social, political, or economic considerations. Neither did the relevant statutes facially involve policy considerations, or require conduct of a policy-making nature. Further, Waste Recovery's challenge to the decision was not a challenge to the underlying policies of designation and recycling.

█ As for Hennepin's last-minute claim of official immunity, that doctrine "protects from personal liability a public official charged by law with duties that call for the exercise of judgment or discretion unless the official is guilty of a wilful or malicious wrong." *Rico v. State*, 472 N.W.2d 100, 106–07 (Minn.1991) (citing *Elwood v. County of Rice*, 423 N.W.2d 671, 677 (Minn.1988)).

> [O]fficial immunity primarily is "intended to insure that the threat of potential liability does not unduly inhibit the exercise of discretion required of public officers in the discharge of their duties." *Holmquist v. State*, 425 N.W.2d 230, 233 n. 1 (Minn. 1988). * * * *

> In defining the scope of official immunity, we have distinguished between the performance of discretionary duties— which is immunized, and ministerial duties—for which officers remain liable. The court has described an official's duty as ministerial "when it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts." *Cook v. Trovatten*, 200 Minn. 221, 224, 274 N.W. 165, 167 (1937).

*Id.* at 107. It is clear to us that official immunity does not apply to Heenan's conduct. Heenan's obligation was to enforce Ordinance 12 in conformity with state statutes. This duty was absolute, certain, and imperative, did not require the exercise of any discretion, and was fixed by the requirements of the statute. Thus, Heenan is not entitled to official immunity. Given that Heenan is not immune under the doctrine of official immunity, neither is Hennepin vicariously immune.

We remand this case to the district court for further proceedings consistent with this opinion.