Gary R. NELSON, et al., Plaintiffs,

v.

WRECKER SERVICES, INC., et al., Appellants,

City of Minneapolis, third-party Defendant, Respondent.

No. C0–00–1363.

Court of Appeals of Minnesota.

Feb. 13, 2001.

James R. Gowling, Candlin & Heck, Bloomington, MN, for appellants.

Jay M. Heffern, Minneapolis City Attorney, William C. Dunning, Assistant City Attorney, Minneapolis, MN, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, CRIPPEN, Judge, and HOLTAN, Judge.*

## OPINION

CRIPPEN, Judge

Appellants Terrance Wojtowicz and his employer, Wrecker Services, Inc., dispute the trial court's summary judgment that the City of Minneapolis and Jonathan Kingsbury, the police officer who drove its vehicle, have immunity with respect to appellants' claim for indemnity and contribu-

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

tion in a personal-injury action initiated by another officer who was a passenger in the police vehicle.

Because the record as presently developed does not establish that Officer Kingsbury complied with his ministerial duties, we conclude that the trial court's determination of immunity is erroneous, or at least premature, and we remand for further trial court proceedings.

## FACTS

Minneapolis Police Officer Gary Nelson was injured when the police vehicle that he occupied collided with a tow truck driven by Terrance Wojtowicz and owned by his employer, Wrecker Services, Inc. This appeal arises from the trial court's decision in a third-party action by appellants Wojtowicz and Wrecker Services stating a claim of contribution from the City of Minneapolis and the driver of the police vehicle, Officer Jonathan Kingsbury.

The two vehicles collided at a downtown Minneapolis intersection, which the police vehicle entered to the right of the tow truck, allegedly against a red semaphore. As the trial court observed, the present record shows a genuine dispute on the material fact questions as to whether the light facing the police vehicle was red or green and whether the police officer had activated the vehicle siren as he approached the intersection.

The trial court declared that the officer-driver and the city were entitled to official immunity, even if the police vehicle passed through a red light with its siren off. The court determined that the officer was engaged in a discretionary act in response to an emergency situation and that his conduct may have involved negligence, but it was not malicious or willful.

## ISSUE

Does the present record permit a determination of immunity?

## ANALYSIS

### I. Immunity

Whether immunity applies is a question of law this court reviews de novo. *Snyder v. City of Minneapolis*, 441 N.W.2d 781, 786 (Minn.1989). The parties do not dispute that police responses like the one in this case constitute emergency situations in which official immunity normally applies. *See Pletan v. Gaines*, 494 N.W.2d 38, 40 (Minn.1992) (describing official immunity as a common-law doctrine that protects government officials from liability for discretionary acts taken in the course of their official duties). Whether a governmental employer may share the immunity of its employee by way of vicarious official immunity is a policy question. *Nisbet v. Hennepin County*, 548 N.W.2d 314, 319 (Minn.App.1996) (stating vicarious immunity, as a matter of public policy, is aimed at avoiding impairment of police functions).

Appellants contend that the present record permits a finding that the driver of the police vehicle is not immune from liability because he failed to comply with the ministerial duty of sounding the vehicle's siren when passing through a red light. The trial court concluded, and respondent agrees, that an officer engaged in emergency actions has immunity not only with respect to matters such as speed and control, but also as to a decision to disregard a red semaphore with or without displaying red lights on the vehicle or sounding the siren as commanded by the state statute. The statute at issue provides:

> The driver of any authorized emergency vehicle, when responding to an emergency call, upon approaching a red or stop signal or any stop sign shall slow down as necessary for safety, but may proceed cautiously past such red or stop sign or signal after sounding siren and displaying red lights.

Minn.Stat. § 169.03, subd. 2 (1998).

This case is a matter of first impression for Minnesota's appellate courts. All prior

cases dealing with official immunity in responding to emergency calls involve circumstances where the driver of the emergency vehicle had activated both the lights and the siren. *See, e.g., Kari v. City of Maplewood,* 582 N.W.2d 921, 925 (Minn. 1998) (recognizing immunity of a paramedic who hit pedestrian in crosswalk where witnesses testified paramedic had activated emergency lights and siren); *Nisbet,* 548 N.W.2d at 316, 319 (recognizing immunity of ambulance driver who hit another vehicle, but had "lights flashing and siren sounding").

■ The supreme court has previously held that the rights and privileges of the driver of an emergency vehicle to proceed without stopping at a controlled intersection is no greater than any other driver, unless the siren and lights have been activated. *Nadeau v. Melin,* 260 Minn. 369, 384, 110 N.W.2d 29, 39 (1961).[1] Although *Nadeau* confines its holding to the rights and privileges of the emergency-vehicle driver for purposes of determining fault, its logic is compelling in determining whether the driver can use the emergency rule[2] to establish official immunity. *Nadeau* makes it evident that failure to use sirens and lights when passing through a stop sign is more than mere negligence; it destroys a claim of privileges and rights

arising out of an emergency. *Id.* at 384, 110 N.W.2d at 39 ("It is not the fact that the vehicle is on an emergency run alone that gives it a privilege to enter a through highway without stopping, but the right must be coupled with a compliance with the requisite warning [siren and lights] that it is an emergency vehicle on an emergency run.").

Reflecting further on the notion that the mandate for sounding the emergency-vehicle siren and displaying its lights is nothing more than a standard of care, we find merit in appellants' contradictory conclusion that the statute specifically addresses the driver's conduct when responding to emergency calls and conditions the freedom attendant to discretion in such a situation on a duty—which we conclude is ministerial—to activate the siren and red lights. *See Kari,* 582 N.W.2d at 923 (defining a ministerial act as "absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts" (quotation omitted)); *Waste Recovery Coop. v. County of Hennepin,* 517 N.W.2d 329, 333 (Minn.1994) (holding that duties fixed by the requirements of statute or municipal policy are ministerial and, thus, not protected by official immunity).

1. In *Nadeau v. Melin,* the defendant driver claimed a fireman drove through a stop sign without sounding the vehicle's siren. 260 Minn. 369, 371, 110 N.W.2d 29, 31 (1961). The jury found that the fireman was negligent on evidence suggesting that the siren had not been activated. *Id.* at 372, 110 N.W.2d at 32. The primary holding of the supreme court affirmed the trial court's decision to grant a new trial based on the plaintiff's contention that the trial instructions had wrongfully imputed the negligence of the fireman-driver to the other plaintiff, a fire captain who was a passenger in the vehicle. *Id.* at 382, 110 N.W.2d at 38. The plaintiff also requested a determination of error on a claim that the trial court gave incomplete emergency-vehicle instructions; the trial court instructed the jury on the statutory rights of emergency vehicles but failed to specifically state that the plaintiffs were on an emergency run at the time of the accident. *Id.* Without deciding

whether this instruction would normally be important, the court found it unimportant for this case, stating that the emergency rule was in any case defeated by a finding that the emergency vehicle passed through the stop sign without sounding the siren. *Id.* at 384, 110 N.W.2d at 39.

2. The emergency rule is a particularized statement of the duty of care as it exists in emergency circumstances. *Zickrick v. Strathern,* 211 Minn. 329, 331, 1 N.W.2d 134, 136 (1941) (stating the emergency rule operates only to relieve a driver from liability for errors in judgment that an ordinarily prudent person might make under similar circumstances). Whether the person uses "reasonable care commensurate with the sudden peril * * * is ordinarily a question of fact for the jury." *Brady v. Kroll,* 244 Minn. 525, 530, 70 N.W.2d 354, 358 (1955) (citations omitted).

It follows from the foregoing precedents that the city's policy governing emergency responses could establish a ministerial duty to activate sirens and lights. We can see no distinction between the policy decision of the city and the evident policy of the legislature that the freedom to disregard a semaphore arises only in the event that the driver employs both the siren and lights. Respondent denies not only the impact of the statute but also suggests that the city could not impose ministerial duties to restrict the driver's freedom in responding to emergency situations. There is no precedent supporting such a conclusion. Without compromising the law in any respect regarding the importance of police discretion in emergency circumstances, there can be no question that immunity may be dependent on ministerial duties.

## II. Issues of Material Fact

■ Respondent contends that its immunity might be established by recognizing on the present record that there are no genuine issues of material fact respecting the officers' assertion that they faced a green light and sounded the siren. On appeal from summary judgment, the reviewing court determines whether there are any issues of material fact and whether the trial court erred in its application of the law. *State by Cooper v. French,* 460 N.W.2d 2, 4 (Minn.1990). The court reads "the evidence in the light most favorable to the party against whom judgment was granted." *Nygaard v. State Farm Ins. Co.,* 591 N.W.2d 738, 740 (Minn.App.1999) (quotation omitted), *review denied* (Minn. June 29, 1999).

The trial court twice stated that the record established the existence of material-fact issues as to whether the officers ran a red light or had the siren activated. Deferring to this judgment on the record, we observe that the trial court's conclusion appears to be based at least in part on hearsay reports of third-party witnesses that came before the trial court without objection. We also observe that the trial

court accepted as an assertion of fact appellants' claim that Wojtowicz entered the intersection on a green light and that the officer's siren was not activated. The parties do not dispute that Wojtowicz is prepared to state these assertions under oath.

## DECISION

The official-immunity issues in this case cannot be determined before the trial court resolves factual disputes with finality. Because the state statute establishes a ministerial duty to activate lights and sound the siren before officers in an emergency situation may pass through red semaphores, we remand the case to the trial court for further proceedings.

Because we conclude that the present record does not permit a summary judgment on respondents' assertions of immunity, we decline to review appellants' further claims that the trial court improperly deprived them of the opportunity to complete discovery, including taking a deposition that the parties report has now occurred.

**Remanded.**